JjGONZALES, Judge.
This is an appeal by the Baton Rouge Alcoholic Beverage Control Board (“Board”) of a judgment of the district court ordering the Board to pay plaintiff, John Henry Bros-sette (“Brossette”), reasonable litigation expenses in the amount of $7,500.00.
Initially, this case was before this court on an appeal by Brossette of the district court’s ruling which affirmed the Board’s suspension of Brossette’s liquor license. We affirmed the decision of the district court. The Louisiana Supreme Court granted Brossette’s writ and reversed the decision of this court and further taxed the Board with costs “insofar as provided by law.” Brossette v. Alco *537 holic Beverage Control Board, 611 So.2d 1391, 1394 (La.1993). Brossette filed a motion to establish litigation expenses and costs. The district court ordered the Board to pay Brossette $7,500.00 in reasonable litigation expenses. The Board appeals. We reverse.
ASSIGNMENT OF ERROR
The Board argues that the Administrative Procedures Act (“APA”), La.R.S. 49:950-971, does not apply to the matter at hand. More particularly, La.R.S. 49:965.1(A)[2], which provides for the recovery of “reasonable litigation expenses” if a “small business” prevails in litigation against an “agency,” does not apply because this particular Board is not an “agency” as defined in La.R.S. 49:951(2).[3]
^ANALYSIS
Brossette has alleged that under La.R.S. 33:4785, municipal alcoholic beverage control boards are governed by the provisions of the APA “unless the procedure is specifically established by R.S. 33:4787 or 33:4788.” He further argues that La.R.S. 33:4787 and 33:4788 are silent with regard to litigation expenses of small businesses; therefore the “procedure” of the APA regarding litigation expenses found in La.R.S. 49:965.1 is applicable.[4]
Louisiana Revised Statute 33:4785 reads:
A. Any municipality may suspend or revoke within the corporate limits and any police jury or other governing authority of a parish may suspend or revoke within the limits of the parish, permits issued to retail dealers in beverages having an alcoholic content of more than six percent by volume for causes set forth in R.S. 26:88, 26:89;[1] and may suspend or revoke permits issued to such retail dealers in beverages having an alcoholic content of not more than six percent by volume for causes set forth in R.S. 26:285, 26:286.2
B. Any municipality in this state with a population in excess of four hundred thousand is hereby authorized to create a municipal alcoholic beverage control board. Such boards may suspend or revoke within the corporate limits, permits issued to retail dealers in beverages having an alcoholic content of more than six percent by volume for causes set forth in R.S. 26:88, 26:89,[1] and may suspend or revoke permits issued to such retail dealers in beverages having an alcoholic content of not more than six percent by volume for causes set forth in R.S. 26:285, 26:286.[2] Such boards shall be governed by the provisions of the Administrative Procedure Act[3] unless the procedure is specifically established by R.S. 33:4787 or 33:4788. (Emphasis added.)
Louisiana Revised Statute 33:4785(B) only applies to those alcohol beverage control boards in municipalities with a population in excess of four hundred thousand. Plaintiff has not alleged nor proven that the municipality of Baton Rouge has a ^population in excess of four hundred thousand; therefore, La.R.S. 33:4785(B) is not applicable.
Louisiana Revised Statute 33:4785(A), which addresses suspension or revocation of permits by any other municipality, any police jury or any other governing authority of a parish, does not require reliance on the APA *538 for procedures as does La.R.S. 33:4785(33). Thus, plaintiff can not rely on this statute for authority to look to the APA provision regarding litigation expenses.
Furthermore, it is well established that the APA’s definition of “agency” does not include a political subdivision nor any “board” of such an entity. La.R.S. 49:951(2).[5] Louisiana Revised Statute 49:965.1, addressing the right of a small business to make a claim for reasonable litigation expenses, specifically states that the claim can be made against an “agency.” The Baton Rouge Alcoholic Beverage Control Board is not an “agency” as defined in the APA; therefore, La.R.S. 49:965.1 is not applicable. No other provision has been cited by Bros-sette as authority for the collection of litigation expenses.
The district court erroneously awarded litigation expenses to Brossette as such expenses are not provided by law.
JbDECREE
For the foregoing reasons, the judgment of the district court which ordered the Baton Rouge Alcoholic Beverage Control Board to pay Brossette reasonable litigation expenses in the amount of $7,500.00 is REVERSED. Costs of this appeal are taxed against plaintiff.
REVERSED.

.Louisiana Revised Statute 49:965.1 provides in pertinent part:
A. When a small business files a petition seeking: (1) relief from the application or enforcement of an agency rule or regulation, (2) judicial review of the validity or applicability of an agency rule, (3) judicial review of an adverse declaratory order or ruling, or (4) judicial review of a final decision or order in an adjudication proceeding, the petition may include a claim against the agency for the recovery of reasonable litigation expenses. If the small business prevails and the court determines that the agency acted without substantial justification, the court may award such expenses, in addition to granting any other appropriate relief.

 Title 26 of the Louisiana Revised Statutes of 1950, Liquors — Alcoholic Beverages, was amended and reenacted by Acts 1987, No. 696. See, now, R.S. 26:90 and 26:91.

 See, now, R.S. 26:286, 26:287.

 R.S. 49:950 et seq.

. The Board does not dispute that it owes court costs.

. We need not address whether the APA provision found in La.R.S. 49:965.1 regarding litigation expenses is a "procedure” as used in La.R.S. 33:4785(B).

. Louisiana Revised Statute 49:951(2) reads:
"Agency” means each state board, commission, department, agency, officer, or other entity which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof, any political subdivision, as defined in Article VI, Section 44 of the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof, and the courts. (Emphasis added.)
La. Const, art. VI, section 44 reads in pertinent part:
(2) "Political subdivision” means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.